UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BAHA ABDALLAHI,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

Case No. 1:26-cv-456

Honorable Paul L. Maloney

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.33–34.)

In an order entered on February 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 17, 2026, (ECF No. 4), and Petitioner filed his reply on February 18, 2026, (ECF No. 5).

**II.    Factual Background**

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.8; Notice to Appear (NTA), ECF No. 4-3, PageID.63.) Petitioner entered the United States in late August of 2024 without inspection. (NTA, ECF No. 4-3, PageID.63.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, Petitioner was issued a Form I-860, Notice and Order of Expedited Removal. (Form I-860, ECF No. 4-1.) Petitioner claimed a fear of returning to Mauritania, which the United States Citizenship and Immigration Services determined was credible. (*See* 2026 Form I-213, ECF No. 4-2.) On September 11, 2024, Petitioner was issued a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]," and placed in standard, non-expedited removal proceedings. (NTA, ECF No. 4-3, PageID.63.) Thereafter, on September 13, 2024, DHS paroled Petitioner into the United States for a period of one year. (Parole Letter, ECF No. 4-4.) Petitioner then filed an asylum application in Immigration Court. (*See* Order of Immigration Judge, ECF No. 4-5.)

On January 6, 2026, ICE took Petitioner into custody when he reported for a scheduled ICE check-in appointment. (*See* Form I-213, ECF No. 4-2, PageID.60.) On that same date, ICE issued a letter terminating Petitioner's parole. (Letter, ECF No. 4-6.) On January 13, 2026, the Batavia, New York, Immigration Court granted Respondents' motion to pretermit Petitioner's

asylum application "because Respondent is subject to the Asylum Cooperative Agreement (ACA) with Uganda." (Order of Immigration Judge, ECF No. 4-5, PageID.70.) According to the January 13, 2026, Order of the Immigration Judge, Petitioner "will have an opportunity to express/demonstrate" "a fear of removal to Uganda" at his master hearing, which is scheduled for March 6, 2026. (*Id.*, PageID.71; Notice of Hearing, ECF No. 4-7.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

#### A.    Statutory Basis for Petitioner's Detention

Respondents argue that Petitioner is subject to mandatory detention because he is subject to expedited removal under 8 U.S.C. §1225(b)(1). (*See* Resp., ECF No. 4, PageID.50.)

"The Arriving Aliens Provision imposes expedited removal and detention on any noncitizen who is inadmissible due to lack of entry documents or fraud or willful misrepresentation on an admission application *and* 'who is arriving in the United States.'" *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065 (NJC), 2025 WL 3314420, at *19 (E.D.N.Y. Nov. 28, 2025) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). However, for the same reasons set forth in detail in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610 (W.D. Mich. Jan. 6, 2026), Petitioner is not an "arriving alien" subject to mandatory detention and expedited removal. Additionally, because

3

Respondents paroled Petitioner into the United States, he is not subject to expedited removal, as set forth in 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (providing that a noncitizen, "*who has not been admitted or paroled into the United States*, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility" may be subject to expedited removal (emphasis added)). Moreover, the issuance of the September 11, 2024, NTA following Petitioner's credible fear determination removed Petitioner from expedited removal proceedings and placed him in standard, non-expedited removal proceedings in Immigration Court. (*See* NTA, ECF No. 4-3, PageID.63.) Indeed, Petitioner has another hearing scheduled in Immigration Court on March 6, 2026. (Notice of Hearing, ECF No. 4-7.) Accordingly, Petitioner's detention commencing on January 6, 2026, is not governed by § 1225(b)(1).

The Court further concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1]

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

### B. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### V. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### VI. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the other named Respondents. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12,

2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the United States Secretary of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

6

7

dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:  March 4, 2026                            /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                   United States District Judge